**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Chris Templeton, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 2:18-cv-02003-DCN |
| v. | ) | |
| | ) | |
| The Bishop of Charleston, a | ) | |
| Corporation Sole;  Robert | ) | |
| Gugliemone, The Bishop Of | ) | |
| Charleston, in his official capacity, | ) | |
| Successor in interest to and on | ) | |
| behalf of Ernest Unterkeoffler, | ) | |
| former Bishop of Charleston, sued | ) | |
| individually in his official capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Responses to 26.01 (D.S.C.) Interrogatories

Below are the Plaintiff's responses to Rule 26.01 interrogatories.

(A) State the full name, address, and telephone number of all persons or legal entities who may have a subrogation interest in each claim and state the basis and extent of said interest.

No subrogation interests are known to the Plaintiff.

(B) As to each claim, state whether it should be tried jury or nonjury and why.

The plaintiff has requested a jury trial to find both facts and establish damages for the at-law causes of action.

(C) State whether the party submitting these responses is a publicly owned company and separately identify: (1) any parent corporation and any publicly held corporation owning ten percent (10%) or more of the party's stock; (2) each publicly-owned company of which it is a parent; and (3) each publicly owned company in which the party owns ten percent (10%) or more of the outstanding shares.

The Plaintiff is a private individual, not a publicly traded company.

(D) State the basis for asserting the claim in the division in which it was filed (or the basis of any challenge to the appropriateness of the division). *See* Local Civil Rule 3.01 (D.S.C.).

     The events of negligence alleged occurred in the Charleston division.

(E) Is this action related in whole or in part to any other matter filed in this district, whether civil or criminal? If so, provide: (1) a short caption and the full case number of the related action; (2) an explanation of how the matters are related; and (3) a statement of the status of the related action. Counsel should disclose any cases which *may be* related regardless of whether they are still pending. Whether cases *are* related such that they should be assigned to a single judge will be determined by the clerk of court based on a determination of whether the cases arise from the same or identical transactions, happenings, or events; involve the identical parties or property; or for any other reason would entail substantial duplication of labor if heard by different judges.[1]

     A review of the court's files reflected only one prior case dealing with sexual abuse of by, or enabled by, officials of The Diocese of Charleston, a 2005 case also brought by plaintiff's counsel that was assigned to the late Judge Houck, Civil Action No. 09-cv-00955-CWH, Doe et al v. Diocese of Charleston. However, the issues in that case substantially different than the issues in this case.

                             Respectfully submitted,

                              s/ Gregg Meyers

                             Gregg Meyers, Fed. No. 4183
                             Of Counsel, Pierce Sloan LLC
                             321 East Bay Street
                             Charleston SC 29401
                             843-722-7733, 843-722-7732 facsimile
                             greggmeyers@piercesloan.com

---

[1] This information is required in addition to completion of the "related cases" block on the JS44 Civil Cover Sheet. Although the Civil Cover Sheet requires only that parties disclose *pending* related cases, this interrogatory and this District's assignment procedures require disclosure of *any prior or pending* related case whether civil or criminal. Therefore, both categories should be disclosed in response to this interrogatory as well as on the JS 44 Civil Cover Sheet.